

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00041-CV

IN THE INTEREST OF M.R., A CHILD

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 90230-E, Honorable Carry Baker, Presiding

May 14, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

D.S. (Dan) appeals the order terminating his parental rights to his child, M.R. (Miles).[1] Dan contends the evidence is insufficient to support the statutory grounds for termination under (E) and (O) of § 161.00b(1) of the Texas Family Code. He also alludes to the sufficiency of the evidence underlying the finding that termination was in Miles's best interest, though he does not brief that topic. We affirm.

The following was garnered from the evidentiary record before us. Dawn and Dan were the biological parents of Miles. Apparently, the two adults met when Dan (a convenience store employee) saw Dawn being assaulted outside the store. He

---

[1]The names used in this opinion of the parents and child are not their actual names.

intervened.  That led to their communicating with each other and eventual cohabitation over a two-year period.  Dawn was about 40 years younger than him when they met.  They never married, but during their cohabitation, Dawn became pregnant with Miles.  Dan admitted that he had no doubt that the child was his, despite Dawn being a prostitute who often stayed elsewhere.

In time, their cohabitation came to an end.  Apparently, Dawn had men coming to the house while Dan was working.  One of the men would "beat her up."  At least one other would get high with Dawn on methamphetamine, despite her being pregnant.  She told Dan that the person who took drugs with her was a cousin, which representation ultimately proved false.  Dan admitted at trial to believing the mother of his unborn child had been using drugs since she began living with him.  But, upon discovering that Dawn and her supposed cousin were using meth in the house, he "kicked her out."  She was three to four months pregnant with his child at the time, a fact that Dan actually knew.  That left the care of unborn Miles to a drug addict and prostitute.

Other evidence indicated that Dawn's male visitor who physically assaulted her was not the only one committing such acts upon her.  Dan did so as well, according to Dawn.  So too did he stalk her.  His eventual act of hitting Dawn in the head with a brick led to his incarceration for a parole violation, and he remained incarcerated through the final hearing at bar.

Not only was Dan physically abusive but also a convicted criminal who spent multiple years in prison for the offenses he committed.  A number occurred during his younger years.  Others happened in 2012 and as recently as 2018 after Miles was born.  Four of his convictions were for burglary.  One involved evading arrest and another

2

involved his pleading guilty to recklessly driving. His 2018 arrest resulted in his pleading guilty to theft of property. The 2012 and 2018 criminal acts also occurred while he was on parole, and each conviction required him to serve time in prison or a local jail. Additionally, in the 18 months since Miles was born, Dan spent 8 of them in jail. More would be spent incarcerated if his parole were revoked given that such a revocation could result in continued imprisonment for another six to seven years.

The pertinent standard of review is well-known, which is described in *In re A.C.*, 560 S.W.3d 624 (Tex. 2018), and need not be reiterated by us. Similarly settled is the rule that only one statutory ground need be proved to warrant termination, assuming, of course, that termination is in the child's best interests. *Id.* at 630.

The trial court found two statutory grounds upon which to order termination. The one we consider first is that at § 161.001(b)(1)(E) of the Family Code. It provides that termination may occur if clear and convincing evidence illustrates that the parent "engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child." TEX. FAM. CODE ANN. § 161.001(b)(1)(E) (West Supp. 2018). We described what that clause encompassed in *In re N.K.*, 399 S.W.3d 322 (Tex. App.—Amarillo 2013, no pet.). So too did we observe that endangering conduct is not restricted to action directed at the child. *Id.* at 330. Such actions may also include those committed before the child's birth. *Id.* And, encompassed within them are 1) a parent's illegal drug use, *id.*, 2) a parent engaging in criminal activity and its probability of incarceration that subjects the child to being left alone, *id.* at 331, and 3) a parent's engagement in domestic violence. *In re K.L.P.*, No. 14-18-00582-CV,

2018 Tex. App. LEXIS 10626, at *20-21 (Tex. App.—Houston [14th Dist.] Dec. 20, 2018, pet. denied) (mem. op.).

Application of the foregoing legal authority to the evidentiary record legitimizes the trial court's decision to terminate Dan's parental rights. His physical abuse of Dawn, his knowledge of the pregnancy, his awareness of her drug use when she was pregnant with Miles, his decision to kick her out of the house when she was pregnant, his leaving his unborn child in the care of a drug addicted mother who was also a prostitute, his own history of and continued engagement in criminal activity, and his potential for remaining in jail for another seven years was clear and convincing evidence that he knowingly engaged in or left Miles with others who engaged in conduct that endangered the child's physical and emotional well-being.

When all of the evidence is viewed in the light most favorable to the fact-finding, a reasonable fact-finder could form a firm belief or conviction that Dan both knowingly endangered Miles and left him with another who endangered the child. And, the contrary, disputed evidence was and is not so significant as to prevent the fact-finder from deriving that firm belief or conviction. So, the trial court's decision has the support of both legally and factually sufficient evidence to terminate the parental relationship between Dan and Miles under subsection (E). This relieves us from assessing whether any other statutory ground justified termination.

As for the child's best interests, Dan alludes to that requirement in his brief. Yet, he failed to support it with any citation to the record or legal authority or with any type of analysis. Thus, it was waived. *See In re D.N.M.,* No. 07-18-00251-CV, 2018 Tex. App.

4

LEXIS 7556, at *8 n.4 (Tex. App.—Amarillo Sept. 13, 2018, no pet.) (mem. op.) (holding the issue waived because of the lack of factual and legal analysis).

We affirm the trial court's "Order of Termination."

Per Curiam